UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SILBAUGH | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| ACCOUNT PORTFOLIO | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LAW OFFICES OF | ) | JURY TRIAL DEMANDED |
| THOMAS LANDIS | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Robert Silbaugh, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.     Plaintiff, Robert Silbaugh, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3

("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendants transacts business in this District and maintain their principal places of business in this district.

## III.  PARTIES

4.      Plaintiff, Robert Silbaugh, is an adult natural person with an address of 475 E. Chelten Ave. Philadelphia, PA 19144.

5.      Defendant, Law Offices of Thomas Landis ("Defendant"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4 Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

6.      Defendant, Account Portfolio Management, LLC (Defendant), at all times relevant hereto, is and was a Limited Liability Company in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4 Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

7.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged duto another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8.      On or around April 15, 2009, Plaintiff began to receive telephone calls from Defendants in an attempt to collect an alleged debt owed to Cavalry Portfolio from a previous car loan.

9.      Defendants, by and through its agents, called Plaintiff and said that he owed $2,700.00 on said car loan.

10.     Defendants asked Mr. Silbaugh "How are you going to take care of this?" Defendants insisted that Plaintiff must set up a payment plan.

11.     Defendant's agent threatened Mr. Silbaugh, by stating that charges would be filed against him if Plaintiff did not set up a payment plan. As a result, Plaintiff entered into a payment plan.

12.     Plaintiff agreed to the following payment plan to be withdrawn directly from his checking account:

|  |  |
|---|---|
| a.) May/2009 | $100.00 |
| b.) June/2009 | $100.00 |
| c.) July/2009 | $100.00 |
| d.) August/2009 | $1000.00 |
| e.) September/2009 | $1000.00 |
| f.) October/2009 | remaining balance |

13.     The May, June, & July 2009 payments have been directly debited from plaintiffs account.

14.     Plaintiff has not received any letter or verification of the payments that are being taken out of his bank account each month.

15.     Plaintiff has called Defendants over five times in two months to request the above payment plan in writing but Defendants still have not sent anything in writing to the Plaintiff in regards to the payments coming out of his bank account or the payment plan.

16.     The Defendants acted in a false, deceptive misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17.     The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18.     At all times pertinent hereto, Defendants was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

19.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.     As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – FDCPA

21.     The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, d(2), e, e(2), e(4), e(5), e(7), e(10), f , f(2), and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Account Portfolio Management, LLC and Law Offices of Thomas Landis, for the following:

    a.     Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b.     Actual damages;

    c.     Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

24.     Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

25.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants are debt collector pursuant to 73 Pa. C.S. § 2270.3.

26.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

27.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

29.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

30.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

31.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.  Actual damages;

b.  Treble damages;

c.  An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

32.  The foregoing paragraphs are incorporated herein by reference.

33.  Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

34.  The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

35.  The action of Defendants, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.  Defendants misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

36.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

37.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: **July 24, 2009**        BY:        _/s/ Bruce K. Warren_
                                          Bruce K. Warren, Esquire
                                          Warren & Vullings, LLP
                                          1603 Rhawn Street
                                          Philadelphia, PA  19111
                                          215-745-9800   Fax 215-745-7880
                                          Attorney for Plaintiff